UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


FRANKLIN CHARLOT,              )
                               )
            Plaintiff,         )    CIVIL ACTION NO.
                               )    12-10224-DPW
                               )
      v.                       )
                               )
GOLDEN LIVING-CHETWYNDE        )
(SO-CALLED),                   )
                               )
            Defendants.        )


                      MEMORANDUM AND ORDER
                        March 21, 2013

     The pro se plaintiff proceeding in *forma pauperis* in this case has sued his former employer alleging workplace misconduct by his coworkers.  In my Memorandum and Order of February 13, 2012, I outlined the deficiencies in the complaint, but authorized the complaint to be served with respect to the employer.  The employer thereafter filed a motion to dismiss to which the plaintiff responded with a motion for judgment on the pleadings, which I have taken to have also been submitted as an opposition to the motion to dismiss.  I conducted a scheduling conference in the case at which I again directed the plaintiff to the deficiencies in his complaint, invited him to respond to the motion to dismiss orally so that I could understand more fully his contentions, heard his oral presentation and then indicated that I would take the matter under advisement.  Shortly


thereafter, the plaintiff filed what he styled as a motion for summary judgment, which – over defendant's objection presented as a motion to strike the motion for summary judgment – I have also considered in evaluating the motion to dismiss.

Although the plaintiff's several submissions and his oral response to the motion to dismiss allude in a generalized fashion to failures by the defendant to provide equal employment opportunities, these failures have not been stated with sufficient specificity to demonstrate an actionable claim by the plaintiff under any federal employment discrimination law.  The remaining allegations (1) may attempt to assert state law claims, which appear in any event to be foreclosed by the exclusivity provisions of Massachusetts Workers' Compensation law, or (2) may attempt to assert claims regarding irregularities in other proceedings the plaintiff appears to have pursued.  These are not within the jurisdiction of this court, unless I were to continue to proceed in this case under a theory of supplemental jurisdiction.  This, I decline to do.

Accordingly, after full consideration of the plaintiff's various articulations of the claims he seeks to make, I ALLOW defendant's motion (#9) to dismiss and DENY defendant's motion (#22) to strike plaintiff's motion for summary judgment, and, while considering the submissions in connection with the motion to dismiss, DENY what the plaintiff has styled as his motion

(#13) for judgment on the pleadings and his motion (#21) for summary judgment.  The Clerk is directed to terminate this case.

                                    */s/ Douglas P. Woodlock*
                                    DOUGLAS P. WOODLOCK
                                    UNITED STATES DISTRICT